# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DUANE GONDER, ADC #147996**                                                     **PLAINTIFF**

**v.**                                     **Case No. 4:20-cv-00390-KGB**

**H. DAVID YOUNG,** *et al.*                                                    **DEFENDANTS**

## ORDER

Before the Court is plaintiff Duane Gonder's motion to amend or make additional findings, or in the alternative any other remedies that the Court deems as proper and an affidavit in support of his motion (Dkt. Nos. 24, 25). For the following reasons, the Court denies Mr. Gonder's motion (Dkt. No. 24).

Mr. Gonder is presently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC") in Grady, Arkansas. On April 8, 2020, Mr. Gonder filed a *pro se* complaint seeking a declaratory judgment against United States Magistrate Judge H. David Young, United States District Judge D. Price Marshall, Jr., Director of the Arkansas Division of Correction Dexter Payne, and Jeffery H. Kearney, in his individual and official capacity (collectively, "defendants") (Dkt. No. 2). Thereafter, Mr. Gonder filed a motion for leave to file a supplement to his complaint for declaratory judgment (Dkt. No. 4) and a motion for leave to file an amended complaint for declaratory judgment (Dkt. No. 5). On July 2, 2020, the Court screened Mr. Gonder's complaint, found that it did not state a claim, and dismissed it without prejudice (Dkt. Nos. 6, 7).

On July 15, 2020, Mr. Gonder filed a motion entitled, "motion to alter or amend a judgment, and motion to strike, and motion to transfer case." (Dkt. No. 9). On September 17, 2020, Mr. Gonder filed a motion for status or hearing (Dkt. No. 10). On September 22, 2020, this

Court denied Mr. Gonder's motion to alter judgment and his motion for status report or hearing (Dkt. Nos. 9, 10, 11).  Mr. Gonder did not appeal.

Instead, on December 9, 2020, Mr. Gonder filed a motion for declaratory judgment (Dkt. No. 12).  He then filed a motion for status or conference hearing on March 3, 2021, and filed other documents in April 2021 (Dkt. Nos. 17, 18, 19).

The Court dismissed Mr. Gonder's claims in this case and entered judgment on July 2, 2020, and the Court denied a motion to alter or amend judgment on September 22, 2020 (Dkt. Nos. 6, 7, 11).  The Court also denied Mr. Gonder's motion for declaratory judgment, motion for status or conference hearing, and two motions for permission to file memorandum brief in support of motion for declaratory judgment that were filed after the Court dismissed his claims and entered judgment (Dkt. Nos. 12, 16, 18, 19, 21).  The Court granted Mr. Gonder's motion for copies (Dkt. Nos. 17, 21).

Having reviewed the docket in this case and Mr. Gonder's current filings, the Court denies Mr. Gonder's motion to amend or make additional findings, or in the alternative any other remedies that the Court deems as proper (Dkt. No. 24).  Mr. Gonder files his motion pursuant to Federal Rule of Civil Procedure 52 "or whatever applicable statute or rule necessary to invoke jurisdiction of this Court." (*Id.*, at 2).  Essentially, Mr. Gonder contends that "due process requires that amended or additional written findings of facts, supported by law on the Court's decision" to deny his second declaratory judgment "because appellate review is impossible when the appellate panel has no way of knowing the District Court's decision for denying the Plaintiff's second complaint." (*Id.*, at 3-4).  In the alternative, Mr. Gonder seeks for this Court to "set aside the order to dismiss plaintiff's second complaint" (*Id.*, at 4).

This Court explained in its prior Order entered July 2, 2020, why it dismissed Mr. Gonder's operative complaint, and the Court entered judgment at that time. No appeal was taken. It is unclear to the Court to which filing Mr. Gonder refers when he cites "his second declaratory judgment." To the extent he refers to any filing made before July 2, 2020, the Court set forth its reasons in the July 2, 2020, Order (Dkt. No. 6). To the extent Mr. Gonder refers to his filing on December 9, 2020, that filing was procedurally improper in this Court and denied by the Court in a written Order entered July 26, 2021 (Dkt. No. 21). To the extent Mr. Gonder requests that this Court set aside its prior dismissal, Mr. Gonder has failed to make the requisite showing necessary to entitle him to such relief. The Court denies Mr. Gonder's request to amend or issue any further written findings and denies his request to set aside the dismissals previously entered by the Court (Dkt. No. 24).

It is so ordered this 1st day of March, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge